```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                    EASTERN DIVISION
                    4:18-CR-58-1H
```

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| CARL JASON JEROME, | ) |
| Defendant. | ) |

This matter is before the court on defendant's motion for compassionate release [DE #90]. Defendant, through counsel, filed a sealed memorandum in support [DE #93]. The government has responded in opposition [DE #96], and defendant has replied [DE #97]. Defendant filed a motion to expedite [DE #103], to which the government also responded in opposition [DE #104] and filed a Sealed Exhibit [DE #105]. This matter is ripe for adjudication.

## BACKGROUND

Defendant, who is 43 years old, moves for compassionate release based on the COVID-19 pandemic and his underlying health conditions.

On May 14, 2019, defendant pled guilty to conspiracy to possess with the intent to distribute a quantity of heroin in

violation of 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 841(a)(1) as well as distribution of a quantity of heroin and fentanyl in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C).

On October 9, 2019, this court sentenced defendant to a term of imprisonment of 72 months. This was not the first time the undersigned sentenced defendant. In 2005, this court sentenced defendant to 108 months' imprisonment on a conspiracy charge involving cocaine base and heroin, a sentence that was later modified to 96 months under the retroactive crack cocaine amendments. See United States v. Carl Jerome, Case No. 4:04-CR-87-1H (E.D.N.C.). Defendant was released from custody in 2011, but in 2014, defendant violated his supervised release, and this court sentenced defendant to 24 months. This 24-month sentence was ordered to run consecutively to the 16-month sentence this court imposed in 2014 on a separate indictment. See United States v. Carl Jerome, Case No. 4:13-CR-56-1H (E.D.N.C.). He was released again in 2016, but violated his supervised release once again, and on October 9, 2019, this court sentenced him to a 12-month term of imprisonment, consecutive to the sentence imposed in the instant case.

2

**COURT'S DISCUSSION**

Defendant seeks a reduction in his sentence to time served pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 ("First Step Act").[1] That statute provides in relevant part:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment. . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction. . .

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The Sentencing Commission has not issued a policy statement applicable to motions filed by defendants under this statute.

---

[1] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

3

United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020). "[A]s a result, district courts are 'empowered. . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" Id. at 284 (citation omitted).

In deciding whether a sentence reduction is appropriate, the court must also consider the applicable § 3553(a) factors. 18 U.S.C. § 3582(c)(1)(A).

> These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (alteration in original) (citation omitted). The court will also consider post-sentencing conduct, including evidence of rehabilitation. United States v. Nabaya, 2021 WL 54361, at * 3 (E.D.Va. Jan. 6, 2021).

The government does not challenge that defendant has met the exhaustion requirement. Defendant requested compassionate release from the Warden on June 16, 2020 and had not received a response at the time of filing his memorandum [DE #93]. The court can consider defendant's motion because "the defendant has fully exhausted all administrative rights to appeal a failure of the

4

Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the Warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Defendant suffers from obesity, hypertension, asthma, gastroesophageal reflux disease, hyperlipidemia, and an unspecified disorder of bone and cartilage, and he contends these conditions put him at a higher risk of suffering severe illness from the COVID-19 virus. Defendant is 43 years old and is currently serving his sentence at Fort Dix FCI with a projected release date of May 13, 2024.

In his January 20, 2021 motion to expedite, defendant informed the court he tested positive for COVID-19 in December 2020. Defendant's medical records, provided by the government, confirm defendant tested positive on or about December 18, 2020 [DE #105]. Fortunately, defendant never developed any symptoms and did not suffer severe illness. The government now argues that defendant cannot now meet the "extraordinary and compelling" circumstance as required by 18 U.S.C. 3582(c). See United States v. Michael Jones, No. 5:11-cr-99-FL (E.D.N.C. Oct. 19, 2020) (D.E. 319) ("Defendant, however, already contracted the disease and recovered within 10 days. . . . The hypothetical possibilities of reinfection and developing severe complications if reinfection occurs – where such

5

complications did not develop with the first infection – are too remote to satisfy the extraordinary and compelling circumstances test.").

The court need not decide this issue, however, as even if the court assumes defendant has shown extraordinary and compelling circumstances, the 3553(a) factors weigh heavily against granting compassionate release. See United States v. McCoy, 981 F.3d 271, 275 (4th Cir. 2020) (stating that § 3582(c)(1)(A) requires district courts to determine "if the § 3553(a) factors merit [compassionate release]").

The court finds defendant would pose a danger to public safety if released. Defendant was involved in drug trafficking activities from as early as 2016 or 2017 to October 2018, during which time he is accountable for trafficking heroin and cocaine [D.E. 72 at 5]. He also possessed at least two firearms in connection with his drug trafficking activities. [Id.]. Furthermore, defendant maintained a premises for manufacturing or distributing a controlled substance. [Id.]. Defendant also recruited accomplices and directed the activities of his coconspirators. [Id.].

Particularly troubling to the court is defendant's lengthy criminal history and history of violating the terms of his probation and supervised release. In 1994, defendant pled guilty to felony possession of cocaine and misdemeanor resisting a public

6

officer in Pitt County Superior Court. [Id. at 6]. Defendant assaulted an officer and attempted to flee. [Id.]. Defendant violated the terms of his probation by testing positive for marijuana, failing to obtain employment, failing to abide by his curfew, and failing to satisfy his financial obligations. [Id.]. In 2000, defendant pled guilty to felony possession of cocaine in Pitt County Superior Court. [Id. at 7]. Defendant violated the terms of his probation by absconding from supervision, failing to report as instructed, associating with convicted drug dealers, and frequenting an area where drugs were sold. [Id.]. In 2004, defendant pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute More Than 50 Grams of Cocaine Base (Crack) and a Quantity of Heroin. See United States v. Carl Jerome, Case No. 4:04-CR-87-1H (E.D.N.C.). While incarcerated, defendant incurred infractions for engaging in sexual acts, refusing to obey an order, and being insolent to a staff member. [D.E. 72 at 8]. Defendant violated the conditions of his supervision by testing positive for marijuana and engaging in new criminal conduct. [Id.]. In 2014, defendant pled guilty to Possession with Intent to Distribute a Quantity of Cocaine, Heroin, and Marijuana. See United States v. Carl Jerome, Case No. 4:13-CR-56-1H (E.D.N.C.). Defendant violated the conditions of his supervision by testing positive for marijuana and engaging in new criminal conduct

7

(instant offense). [D.E. #72 at 9]. Defendant was recently sanctioned for possessing a hazardous tool. [DE #96-1, Inmate Discipline Data]. To his credit, he has maintained a job as an orderly and completed a drug education program while incarcerated.

As noted above, the court is particularly troubled by defendant's conduct while he has been on supervised release in the past. Despite being charged and convicted twice in federal court, defendant committed new offenses each time he was released.

Having considered all the evidence in the record, and notably, having considered the 3553(a) factors and defendant's post-sentencing conduct, the court finds that even if defendant could show extraordinary and compelling circumstances, the 3553(a) factors weigh heavily against compassionate release.

## CONCLUSION

For the foregoing reasons, defendant's motion for compassionate release [DE #103] is DENIED. The motion to expedite [DE #104] is deemed moot.

This  25th day of March 2021.

_____
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26